UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRENTON D. DUCRET,

        **Plaintiff,**

v.                              **Case No.:  6:25-cv-271-NWH**

COMMISSIONER OF SOCIAL
SECURITY,

        **Defendant.**

                                   /

## ORDER

This matter is before the Court on Plaintiff's Unopposed Petition for EAJA Fees (the "Motion") (Doc. 21). Specifically, Plaintiff requests a fee award of $3,505.12 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (hereinafter, the "EAJA"). The Commissioner does not oppose this request. (Doc. 22). Upon review, the Motion is due to be granted.

### I.    Background

Plaintiff initiated this action on February 19, 2025, after a final decision of the Commissioner denying his claim for Social Security Disability benefits and Supplemental Security Income payments. (Doc. 1). In Plaintiff's Brief, filed on May 15, 2025, he argued that the ALJ erred in denying benefits on a single ground: the ALJ failed to comply with Social Security Ruling 00-4p by failing to address and resolve a conflict between the Dictionary of Occupational Titles and the testimony of the

1

vocational expert. (Doc. 11 at 6-10). On July 15, 2025, the Commissioner filed an unopposed motion to remand pursuant to sentence four of 42 U.S.C. § 405(g), (Doc. 17), which was granted by the Court on July 18, 2025. (Doc. 18). Plaintiff filed the instant unopposed Motion on October 15, 2025.

## II.    DISCUSSION

### a.  Eligibility for an Award of Fees

In ruling on a request for fees pursuant to the EAJA, a court must determine whether: (1) the requesting party is eligible for fees and (2) the amount of requested fees is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A claimant is eligible for an attorney's fees award where: (1) the claimant is the prevailing party in a non-tort suit involving the United States; (2) the government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million when the complaint was filed; and (5) there are no special circumstances that would make the award of fees unjust. 28 U.S.C. § 2412(d). The fee award must also be reasonable. *Schoenfeld v. Berryhill*, No. 8:17-cv-407-T-AAS, 2018 WL 5634000, at *1 (M.D. Fla. Oct. 31, 2018) (citing 28 U.S.C. § 2412(d)(2)(A)).

A social security plaintiff is deemed to have prevailed against the United States if the court orders a "sentence four"[1] remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–

---

[1] A "sentence four" remand refers to the fourth sentence of 42 U.S.C. § 405(g). Sentence four authorizes the Court to enter a "judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

02 (1993). The application for attorney's fees is timely if it is made within thirty days of the final judgment in the action; however, premature requests are also deemed timely. 28 U.S.C. § 2412(d)(1)(B); *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). The deadline begins to "run[] from the end of the period for appeal," which is sixty days for the Commissioner. *Shalala*, 509 U.S. at 303; Fed. R. App. P. 4(a)(1)(B)(iii) (stating that in a civil case where one of the parties is a United States officer or employee sued in an official capacity, any party may file a notice of appeal within 60 days after entry of the judgment). The request must contain an allegation that the Commissioner's position was not substantially justified. *Jean*, 496 U.S. at 160.

As with any petition for fees, the Court must always apply its own expertise and judgment, regardless of whether the requested fee amount is contested. *See Winkler v. Cach, LLC*, No. 8:11-cv-2358-T-24AEP, 2012 WL 2568135, at *1 (M.D. Fla. July 2, 2012). An EAJA award is to the party and therefore subject to an offset to satisfy any outstanding debt that the party owes to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

Plaintiff has satisfied the five requirements that determine a claimant's eligibility for attorney's fees pursuant to the EAJA. Plaintiff is deemed to have prevailed since the Court entered a sentence four remand. (Doc. 18). Further, the request for fees was timely since it was filed within 30 days from entry of the final judgment after the period for appeal had expired. (Docs. 19, 21); *see Cruz v. Berryhill*, 347 F. Supp. 3d 1199, 1203 (S.D. Fla. 2018). Additionally, Plaintiff avers that his net worth was less than two million dollars at the filing of the complaint and that the Commissioner's position was

not substantially justified.[2] (Doc. 21 at 2, 6-7). Further, the Court is not aware of any special circumstances that would make an award of fees unjust. Since Plaintiff is eligible for an award of fees, the remaining issue is whether the requested amount of fees is reasonable.

### b.  Reasonableness of the Fee

EAJA fees are determined by using the "lodestar" method—the number of hours reasonably expended multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd* 496 U.S. 154 (1990). The EAJA requires that the amount of attorney's fees be "reasonable," which is determined by the "prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). However, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* The party requesting fees has the burden of demonstrating the reasonableness of the fee and the number of hours expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988); *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). The requesting party may also include the number of hours it took to prepare the EAJA request in its request for fees. *Jean*, 863 F.2d at 779–80.

---

[2] Since the Commissioner has not objected to the Motion, the Court shall accept the Plaintiff's representations.

Courts use a two-step analysis when determining the appropriate hourly rate under the EAJA. *Meyer v. Sullivan*, 958 F. 2d 1029, 1033–34 (11th Cir. 1992). First, a court determines the market rate for similar services provided by lawyers of "comparable skill[ ], experience, and reputation" in the area. *Id.* at 1034. Second, the court evaluates the cost of living increase, specifically at the time the work was performed and not at the time when the motion was filed. *Id.*; *see also Bey v. Comm'r of Soc. Sec.*, No. 3:18-cv-319-J-PDB, 2019 WL 4221716, at *2 (M.D. Fla. Sept. 5, 2019) (citing *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997)). The court is considered an "expert" on the reasonable rates and may use its independent judgment in evaluating whether the hourly rate is reasonable. *Norman*, 836 F.2d at 1303 (citing *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)); *see also Kirkendall v. Comm'r of Soc. Sec.*, No. 3:17-cv-880-J-PDB, 2019 WL 913282, at *2 (M.D. Fla. Feb. 25, 2019). Courts in this District routinely calculate cost of living adjustments under the EAJA using the United States Department of Labor's Consumer Price Index ("CPI"). *See Wilborn v. Comm'r of Soc. Sec.*, No. 8:11-cv-2249-T-30MAP, 2013 WL 1760259, *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. 2009).

Plaintiff seeks an EAJA award for 13.6 hours of attorney time incurred in this case by Attorneys Richard A. Culbertson and Sarah P. Jacobs at the rate of $257.73 per hour for a total of $3,505.12 (Doc. 21 at 7). After reviewing a description of the activities performed in relation to this matter, the Court determines that 13.6 hours is

reasonable in this case. The majority of the time was spent reviewing the transcript and drafting the Plaintiff's Brief. (Doc. 21 at 12).

Moreover, the requested hourly rate of $257.73 is reasonable based on the Court's own expertise in this area and because it matches the inflation rate in the Consumer Price Index. (Doc. 21 at 8-9). Further, the Commissioner does not oppose this fee amount. (Doc. 22.)

### III.   Conclusion

Accordingly, it is hereby **ORDERED** that Plaintiff's Unopposed Petition for EAJA Fees (Doc. 21) is **GRANTED**. Plaintiff is awarded attorney's fees in the amount of $3,505.12.

**DONE** and **ORDERED** in Chambers, Orlando, Florida, February 6, 2026.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record